UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMES GILLEY, | **DECISION AND ORDER** |
| Movant, | **Civil Case No.** |
| -vs- | **No. 6:16-cv-6390-MAT** |
| UNITED STATES OF AMERICA, | **Criminal Case** |
| Respondent. | **No. 6:04-cr-6152-MAT** |

---

## I.  Introduction

James Gilley ("Gilley" or "Movant"), proceeding pro se, has filed his second motion (Dkt #154) pursuant to 28 U.S.C. § 2255 ("Section 2255"), seeking an order vacating and correcting his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015).

## II.  Discussion

In his motion, Gilley argues that in light of Johnson, his 1991 prior conviction in New York State for 3rd Degree Robbery no longer qualifies under the residual clause of United States Sentence Guidelines ("USSG") § 4B1.2(a)(2) as a "crime of violence." Because he was sentenced as a "career offender" under the Guidelines, he asserts that his sentence must be vacated. Respondent filed a Memorandum of Law in Opposition (Dkt #160), arguing that Johnson does not apply because Gilley was determined to be a "career offender" pursuant to USSG §§ 4B1.1(a) and 4B1.2(b) based on two prior felony drug convictions.

The Court found discrepancies between the record and Respondent's assertions,[1] and therefore directed Respondent to supplement the record with documents establishing, with specificity, the nature of Gilley's prior convictions, and to provide further argument why they are controlled substance felony offenses for purposes of justifying a career offender enhancement under the Guidelines.

Respondent filed a Memorandum of Law, in which it concedes that it was mistaken about Gilley having two prior felony drug trafficking crimes. Respondent states that it now recognizes that one of Gilley's two drug trafficking convictions was a misdemeanor. Nevertheless, Respondent argues, Gilley still qualifies as a career offender based upon his 1991 felony conviction under New York State law for Robbery in the Third Degree. Respondent argues that the Second Circuit's decision on July 21, 2016, in United States v. Jones (Corey), Docket No. 15-1518 ("Jones"), should not apply to Gilley's case because it is a collateral attack, while Jones was a direct appeal. In any event, as Respondent notes, Jones, upon which this Court has relied in previous decisions, was vacated on

---

[1] During the sentencing phase of this case, defense counsel filed a Response to Presentence Investigation Report stating, "The PSR notes that Mr. Gilley has two prior convictions. One of those is a 1991 conviction for Robbery 3rd degree, which is not a violent felony offense under New York State law." Respondent here argues that Gilley has *two* prior *drug convictions*. This assertion and defense counsel's statement that Gilley has two prior convictions, one of which is a robbery conviction, cannot both be true.

October 3, 2016, and Respondent's petition for rehearing en banc was stayed pending the Supreme Court's disposition of Beckles v. United States, No. 15-8544. See United States v. Jones, 838 F.3d 296 (Mem.) (2d Cir. 2016). Alternatively, Respondent requests that the Court stay its decision in Gilley's case pending the Supreme Court's decision in Beckles.

Gilley filed two Reply to Government's Response to Motion Pursuant to 28 U.S.C. § 2255 and the Government's Supplemental Response to Petitioner's Motion to Correct Sentence (Dkt ##168 & 169) which appear to be identical, except that one memorandum (Dkt #169) has several exhibits appended to it. Gilley "objects to the [G]overnment's claim that his motion should be denied in its entirety, but does not object to his § 2255 motion being stay[ed] until Beckles is decided." (Dkt #169, p. 3 of 50; see also id., p. 4 of 50 (stating that "the best solution is to wait until the Beckles decision is rendered by the United States Supreme Court")).

In light of the fact that both Gilley and Respondent agree to a stay pending a decision by the Supreme Court in Beckles, the Court will stay the instant Section 2255 proceeding.

**III. Conclusion**

The Section 2255 Motion filed by James Gilley is stayed and held in abeyance by agreement of both parties, pending the Supreme Court's issuance of a decision in Beckles.

Accordingly, it is hereby

**ORDERED** that the Section 2255 Motion filed by James Gilley is stayed and held in abeyance pending the Supreme Court's issuance of a decision in Beckles; and it is further

**ORDERED** that Gilley must notify the Court in writing within 30 days of a decision being rendered in Beckles, at which time the Court will direct the Clerk of Court to lift the stay and restore the case to this Court's active docket. The Court will, at that time, direct additional briefing from the parties regarding the impact of Beckles.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   December 12, 2016
         Rochester, New York