UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES GILLEY,

                Movant,

   -vs-

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**

**Civil Case No.
No. 6:16-cv-6390-MAT**

**Criminal Case
No. 6:04-cr-6152-MAT**

---

**BACKGROUND**

James Gilley ("Gilley" or "Movant"), proceeding pro se, has filed his second motion (Dkt #154) pursuant to 28 U.S.C. § 2255 ("Section 2255"), seeking an order vacating and correcting his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"). In that case, the United States Supreme Court held that the "residual clause" of Armed Career Criminal Act of 1984 ("ACCA") was unconstitutionally vague under the Due Process Clause of the Constitution. Gilley was sentenced as a "career offender" under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.2(a)(2) based on previous convictions for "crimes of violence." The "crime of violence" definition in the Guidelines' "residual clause" is identical to that found in ACCA's "residual clause."[1] Gilley argued that in light of Johnson, the

---

[1] Guidelines § 4B1.2(a) defines a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(a) (emphasis added to the residual clause).

residual clause in U.S.S.G. § 4B1.2(a)(2) is likewise unconstitutionally vague, and that, as a consequence, 1991 prior conviction in New York State for Robbery in the Third Degree no longer qualifies as a "crime of violence."

Respondent initially argued that Gilley had two prior *felony* drug trafficking crimes, making the Robbery in the Third Degree conviction immaterial to his sentence. After requests for further information by the Court, Respondent conceded it was mistaken and that one of those drug trafficking convictions was actually a misdemeanor. Nevertheless, Respondent maintained that Gilley still qualified as a career offender based upon his 1991 felony conviction under New York State law for Robbery in the Third Degree. Respondent urged several reasons for this conclusion, principal among them being that Johnson's holding does not apply to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2), and that even if it does, Gilley is not entitled to relief because Johnson does not apply retroactively on collateral review.

The United States Supreme Court granted certiorari in Beckles v. United States, No. 15-8544 to resolve these issues. Respondent requested that the Court stay its decision in Gilley's case pending the Supreme Court's resolution of Beckles. Gilley filed a pleading indicating that he "d[id] not object to his § 2255 motion being stay[ed] until Beckles is decided." (Dkt #169, p. 3 of 50; see also

id., p. 4 of 50 (stating that "the best solution is to wait until the Beckles decision is rendered by the United States Supreme Court")). Accordingly, the Court stayed Gilley's Section 2255 proceeding.

On March 6, 2017, the Supreme Court decided Beckles v. United States, --- U.S. ----, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). With the issuance of Beckles, Gilley's case is now ripe for decision. The Court accordingly lifts the stay and restores the Section 2255 proceeding to its active docket.

For the reasons discussed below, Gilley's request for relief under Section 2255 must be denied.

## DISCUSSION

As a threshold matter, the Court must determine whether Gilley's motion to vacate is timely under 28 U.S.C. § 2255(f), which sets forth a one-year statute of limitations for filing for relief. Specifically, a "movant must file within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is recognized initially by the Supreme Court, if it has been made available retroactively to cases on collateral review; or (4) when the facts supporting a claim could have been discovered through the exercise of due diligence." Aiken v. United States, No. 06 CR 479 JFK, 2013 WL 4457372, at *1 (S.D.N.Y. Aug. 20, 2013) (citing 28 U.S.C. § 2255(f)(1)-(4)). Here, the only two subsections that could

possibly apply to Gilley's case are subsection (1) or subsection (4).

For purposes of Section § 2255(f)(1), it is well established that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction . . . [i.e.,] 90 days after entry of the Court of Appeals' judgment.'" Clay v. United States, 537 U.S. 522, 525 (2003); see also 28 U.S.C. § 2101(c); S. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). The Second Circuit affirmed Gilley's judgment of conviction in a summary decision and order issued on May 6, 2008. (See Dkt #134). The Circuit issued its decision and order affirming the judgment as a mandate on June 3, 2008, and the mandate was filed in this Court on July 10, 2008. (See Dkt #135). According to the Supreme Court's Rules of Practice, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed and not from the issuance of the mandate[.]" S. Ct. R. 13.3. Accordingly, Gilley's 90-day period in which to file a petition for certiorari began running on May 6, 2008. Therefore, Gilley's conviction became final 90 days later, on Monday, August 4, 2008. Gilley's Section 2255 motion to vacate was signed and dated June 3, 2016, and thus the Court deems it filed on that date pursuant to the prison mailbox

rule. However, even with the benefit of the prison mailbox rule, the Section 2255 Motion was filed nearly eight years after the expiration of the limitations period.

Moreover, Gilley cannot avail himself of the later start date in 28 U.S.C. § 2255(f)(3). In order to fall within the limitations period of Section 2255(f)(3), Gilley must show that application of Johnson to Guidelines claims on collateral review "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). In Beckles, however, the Supreme Court held that the Guidelines are not subject to vagueness challenges under the Due Process Clause of the United States Constitution and, therefore, U.S.S.G. § 4B1.2(a)(2)'s residual clause is not void for vagueness. In other words, the Supreme Court held that Johnson is not applicable to Guidelines challenges at all, let alone Guidelines challenges on collateral review. Therefore, Gilley cannot avail himself of Section 2255(f)(3)'s later start date of the statute of limitations. His Section 2255 Motion is untimely on its face.

In certain situations, Section 2255 movants are entitled to equitable tolling of the limitations deadline. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). A defendant must satisfy the following two elements: First, he must show that he exercised "reasonable diligence" during the limitations period, and second, that "extraordinary circumstances" prevented him from timely filing. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). Here, Gilley was not prevented by "extraordinary

circumstances" from timely filing; rather, he elected to file the instant proceeding only after learning of Supreme Court's potentially favorable Johnson decision in 2015. In sum, there is no basis for applying equitable tolling to limitations period in this case. Gilley's Section 2255 Motion must be dismissed as untimely.

**CONCLUSION**

For the foregoing reasons, the Section 2255 Motion filed by James Gilley is **denied.** The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   June 2, 2017
         Rochester, New York