UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
————————————————————————

UNITED STATES of AMERICA

                                                    DECISION and ORDER

-vs-
                                                        04-CR-6152-CJS-2

JAMES GILLEY,

                                    Defendant
————————————————————————

INTRODUCTION

Now before the Court is a motion (ECF No. 185) by James Gilley ("Defendant") for a sentence reduction under Section 404 of the First Step Act of 2018 ("Section 404").   A threshold issue is whether Defendant's convictions under Counts 1 and 2 of the Indictment, charging him with Conspiracy to Possess with Intent to Distribute, and to Distribute Marijuana and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 & 851, and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(C) and 851, are "covered offenses" under Section 404.   Because they are not covered offenses, Defendant's application under Section 404 is denied.   However, the Court liberally construes Defendant's application as also seeking a sentence reduction under the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A), and grants that application in part, to reduce Defendant's sentence by sixty months to correct an error that occurred at sentencing, as explained below.

1

BACKGROUND

The reader is presumed to be familiar with the underlying facts and procedural history of this action.   Briefly, following a jury trial Defendant was convicted of Counts 1-4 of Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute, and to Distribute Marijuana and Cocaine Base in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(C), 846 and 851; Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 851; Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1).

Notably, Defendant committed those offenses only a few days after being placed on supervised release following a 110-month prison sentence for a prior conviction in this Court. *See*, Govt' Response (ECF No. 190) at p. 3 ("In 1996, the defendant was convicted of conspiracy to distribute cocaine, cocaine base and heroin in this Court and sentenced to 110 months imprisonment and 3 years supervised release. The defendant was released on supervised release on May 19, 2004, and arrested on the instant offenses on June 4, 2004 (Docket Item 130, ¶41).").   Defendant also had a prior felony conviction in the State of New York, for Robbery in the Third Degree, as well as four prior state misdemeanor convictions.

On March 20, 2006, the Court sentenced Defendant as a career offender[1]

---

[1] Defendant had a prior drug felony in this Court and prior felony conviction in New York State for Robbery in the Third Degree, a crime of violence. *See,* Govt. Response (ECF No. 190) at p. 3

principally to a term of imprisonment of 420 months (35 years).   With regard to that sentence, the Government had filed a Section 851 Information, concerning Counts 1, 2 and/or 3 of the Indictment, indicating that Defendant had a prior drug felony offense in this Court.   Because of that prior drug felony conviction, the statutory maximum prison sentences for Counts 1 and 2 increased from 20 years to 30 years, and the maximum sentence for Count 3 increased from 5 years to 10 years.

As noted above, Defendant also had a prior conviction for Robbery in the Third Degree under New York law, which is a violent felony under the law of this Circuit. Because Defendant had both a prior drug felony conviction and a prior violent felony conviction, he was categorized as a "career offender" under the Sentencing Guidelines, § 4B1.1(a).

The Court imposed a sentence of imprisonment of 360 months on Count 1 and Count 2 to be served concurrently, 120 months on Count 3 to be served concurrently with the sentences on Counts 1 and 2, and 60 months on Count 4 to be served consecutively to the sentences on Counts 1-3.   As for supervised release, the Court imposed a term of supervised release of 6 years on Counts 1 and 2, 4 years on Count 3 and 3 years on Count 4, with the terms to run concurrently.

---

("The PSR determined that the defendant was a career offender based on his drug conviction in this Court and state robbery conviction (Docket Item 130, ¶41).") (footnote omitted).

The Court arrived at the imprisonment portion of the sentence after finding that Defendant's sentencing range under the advisory Guidelines for Counts 1-3 was 360 months to Life, with a required additional consecutive sentence of 60 months on Count 4.   In other words, the Court understood that the minimum total guideline sentence was 420 months, and it imposed that sentence.

However, in connection with Defendant's instant motion, U.S. Probation and Pretrial Services ("Probation") prepared an Abbreviated Supplemental Presentence Report ("ASPR") [2] indicating that the Court's understanding at sentencing had been incorrect, and that Defendant's *minimum* total guideline sentence had actually been 360 months, not 420 months.   On this point, Probation explained the miscalculation as follows:

> At the original sentencing, the Court was incorrectly advised that Gilley was subject to 360 months to life on Counts 1, 2 and 3, and an underline additional 60 months on Count 4 to run consecutively to Counts 1, 2 and 3. The correct guideline range for Counts 1-4 is 360 months to life. After determining the total punishment, the sentence should be apportioned among all counts of conviction[.]
>
> ***
>
> At the original sentencing, the Court was not advised of the following: In the case in which subsection (c) of §4B1.1 (Career Offender) applies, to the extent possible, the total punishment is to be apportioned among the counts of conviction, except that (1) the

---

[2] The ASPR reflects the version of the Guidelines now in effect.   On October 28, 2021, the United States Sentencing Commission released an announcement stating that the 2021 Guidelines Manual would go into effect on Monday, November 1, 2021. This Guidelines Manual is a reprint of the 2018 Guidelines Manual with an updated version of Appendix B. Therefore, the guidelines, policy statements, and commentary remain unchanged.   As such, there would be no changes from what is contained in the ASPR.

sentence to be imposed on a count requiring a minimum term of imprisonment shall be at least the minimum required by statute; and (2) the sentence imposed on the 18 U.S.C. § 924(c) count shall be imposed to run consecutively to any other count.

Application Note 4(A) of §5G1.2 states, "The sentence imposed for a conviction under 18 U.S.C. § 924(c) shall, under that statute, consist of a minimum term of imprisonment imposed to run consecutively to the sentence on any other count. Subsection (e) requires that the total punishment determined under §4B1.1(c) be apportioned among all the counts of conviction. In most case this can be achieved by imposing the statutory minimum term of imprisonment on the 18 U.S.C. § 924(c) count, subtracting that minimum term of imprisonment from the total punishment on the other counts of conviction."

The Court was incorrectly advised that Gilley was subject to 360 months to life on Counts 1, 2 and 3, and an additional 60 months on Count 4 to run consecutively to Counts 1, 2 and 3. As noted above, the correct guideline range for all counts (Counts 1-4) is 360 months to life. After determining the total punishment, the sentence should be apportioned among all counts of conviction.

\*\*\*

[Regarding supervised release:] Counts 1 and 2 - A term of at least 6 years supervised release is required in accordance with 21 U.S.C. § 841(b)(1)(C). Count 3 - At least 4 years supervised release is required in accordance with 21 U.S.C. § 841(b)(1)(D). Count 4 - The Court may impose a term of supervised release of not more than 5 years. 18 U.S.C. §3583(b)(1). Pursuant to 18 U.S.C. § 3624(e), the terms of supervised release are to run concurrently.   Guideline Provisions: Counts 1 and 2 - 6 years pursuant to § 5D1.2(b). Count 3 - 4 years pursuant to § 5D1.2(b). Count 4 - The term of supervised release shall be at least 2 years but not more than 5 years. § 5D1.2(a)(1).

ASPR at pp. 1, 4 (emphasis in original).   In sum, the error consisted of the fact that at sentencing the Court understood Defendant's sentencing guideline range

5

under the advisory Guidelines to be 360-months-to-life on Counts 1-3, plus sixty months consecutive on Count 4 to be added onto whatever sentence the Court imposed with regard to Counts 1-3, when the guideline range was actually 360 months to life on all four counts, to be apportioned between Counts 1-3 and Count 4.

Notably, at sentencing Defendant had argued that he should not be considered a career offender since one of his predicate convictions was for Robbery in the Third Degree, which is not considered a "crime of violence" under New York State law.[3]   However, the Court explained to Defendant at sentencing that, while Robbery in the Third Degree is not considered a crime of violence under state law, it is a crime of violence under Federal Law. *See*, Docket No. 120 at p.7 ("The term 'crime of violence,' as used in section 4B1.1, is defined in section 4B1.2 to include any federal or state offense that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'   So, to the extent you're raising that issue, you're absolutely correct, it's not a violent felony under New York law, but clearly under the authority of the Second Circuit, it is."). Nevertheless, as discussed below, Defendant still maintains that his robbery conviction should not have counted as a predicate conviction for purposes of the career offender guideline.[4]

---

[3]  See, Docket No. 120 at pp. 7, 16.

[4]  *See, United States v. Hendricks*, 921 F.3d 320, 332 (2d Cir. 2019) ("Robert contends that his conviction for second-degree burglary under New York law does not qualify as a 'crime of

At present, Defendant is serving the 420-month sentence imposed by the Court.   Defendant is presently 52 years of age and confined at USP Yazoo City, with a scheduled release date of July 18, 2034.   Probation indicates that Defendant has accumulated eight disciplinary infractions while serving his sentence, the most recent of which was in November 2018. (ASPR at pp. 4-5).

Following his conviction and sentencing, Defendant appealed, arguing, in pertinent part, that his sentence was procedurally and substantively unreasonable. On May 6, 2008, the U.S. Court of Appeals for the Second Circuit denied the appeal and affirmed the Court's judgment.

On April 16, 2009, Defendant filed a collateral attack pursuant to 28 U.S.C. § 2255, alleging that a trial witness had committed perjury and that trial counsel had provided ineffective assistance.   On October 11, 2013, the Court denied that application.

---

violence' because the [Guideline's 'career offender'] 'residual clause' is void for vagueness. But this argument is foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, ––– U.S. ––––, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), in which the Court concluded that the Sentencing Guidelines are not subject to void-for-vagueness challenges and upheld the career offender Guidelines.   **We have already held that third-degree burglary under New York law qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2).54.   In light of** *Beckles*, **it is clear that this holding remains good law.**   Because, under New York law, third-degree burglary defines the lesser-included offense of burglary, we have no difficulty extending this holding to Robert's second-degree burglary conviction. Accordingly, the District Court did not err, much less plainly err, in sentencing Robert as a career offender pursuant to § 4B1.2(a)(2).") (emphasis added, footnotes omitted), *cert. denied*, 140 S. Ct. 870, 205 L. Ed. 2d 502 (2020)

On June 9, 2016, Defendant filed a second Section 2255 application.   On June 2, 2017, the late Honorable Michael A. Telesca, Senior District Judge, denied that application as untimely.[5]

On May 8, 2020, Defendant filed a motion for "compassionate release" based on the Covid-19 Pandemic.   On July 13, 2020, the Court denied that application.

On August 7, 2020, Defendant filed the subject application (ECF No. 185), purportedly seeking relief under Section 404 of the First Step Act.   Notably, at that time there was some disagreement among courts as to whether a conviction under 21 U.S.C. § 841(b)(1)(C) was a "covered offense" for purposes of Section 404 of the First Step Act.   That question has now been resolved in the negative, as will be discussed further below.   Nevertheless, Defendant argues that his convictions under § 841(b)(1)(C) are "covered offenses" under Section 404 and that the Court should exercise its discretion to reduce his sentences under Counts 1 and 2.

Defendant also contends that the Court erred in calculating his advisory guideline sentence.   On this point, Defendant's application states, in pertinent

---

[5] Defendant had argued that pursuant to the Supreme Court's decision in *Johnson v. U.S.,*   -- U.S. --- , 135 S.Ct. 2551 (2015), he should not have been designated as a career offender under the Guidelines.   Judge Telesca did not reach the merits of the petition.   However, Defendant's argument was later proven incorrect. *See, Beckles v. U.S.,* --- U.S.--- , 137 S.Ct. 886 (2017); *see also, U.S. v. Hendricks*, 921 F.3d at 332 ("In light of *Beckles*, however, it is clear that the residual clause of the Guidelines is not unconstitutionally vague.").

part:

> Mr. Gilley's 360-Life GSR [("Guideline Sentencing Range")] tabulation is inaccurate.   At sentencing, this Court procedurally erred in applying both the mandatory minimum consecutive penalty required by 18 U.S.C. § 924(c) and the career offender table for § 924(c) offenders. *See*, § 4B1.1(c)(2)(A), compare § 4B1.1(c)(2)(B), (c)(3).   Pursuant to commentary Application Note 3(E), 4B1.1, the range with the greatest minimum, relevant here, 262-327 months was supposed to be used to impose Mr. Gilley's sentence, according to § 5G1.2(e), along with his consecutive § 924(c) 60 month addition. *Id*.   In other words, Mr. Gilley's total guideline sentencing range is 322-387 months imprisonment, not 360-Life, plus the 924(c) consecutive minimum sentence (35 years). See, § 4B1.1 cmt. application note 3(E).   At the least, Mr. Gilley's guideline range is overvalued by approximately 33 months imprisonment, roughly three years. *Id*.

ECF No. 185 at pp. 4-5.

Defendant further argues, as he did at sentencing, that he was improperly sentenced as a career offender, since his prior conviction in the State of New York for Robbery in the Third Degree is not a "crime of violence."   Defendant also argues that "under Section 3553(a)," his "career offender status is overstated compared to similar defendants with a comparable background."   Defendant contends that his guideline sentence range "should be recalculated under the current version of the Sentencing Guidelines Manual," and that he should be permitted to argue for a downward departure from the recommended Guideline sentence. (ECF No. 185 at pp. 6-7: "This Court has the natural authority to vary downward and grant Mr. Gilley immediate release from imprisonment.").

9

On February 12, 2021, the Government filed a response to the application, opposing the application under Section 404 of the First Step Act, but agreeing that Defendant's sentence was calculated incorrectly.

The Government maintains that Defendant cannot seek relief under Section 404 of the First Step Act since he was not convicted of a "covered offense" under that statute.   In particular, the Government indicates that a conviction under 21 U.S.C. § 841(b)(1)(C) is not a covered offense since the statutory penalties for violating § 841(b)(1)(C) were not modified by section 2 or 3 of the Fair Sentencing Act of 2010.

With regard to the sentence calculation error identified by Probation, the Government suggests that the Court treat Defendant's application as seeking "compassionate release" under 18 U.S.C. § 3582(c)(1)(A) and reduce Defendant's sentence to the correct minimum guideline sentence of 360 months, a reduction of 60 months. *See*, ECF No. 190 at p. 9 ("Given that the defendant was facing a minimum of 360 months (30 years) imprisonment and the Court sentenced the defendant at the low end of the range of 360 months to life for Counts, I, II and III, it may have been the Court's intention to sentence the defendant at the low end of sentencing range for imprisonment for all counts.   If that was the case, the Government has no objection if the Court grants the defendant's motion to the extent of reducing his sentence of imprisonment to 360 months.").

However, the Government disputes Defendant's contention that he should not have been treated as a career offender under the Guidelines.   In that regard, the Government correctly notes that Defendant was categorized as such based on his prior drug felony conviction in this Court and on his prior conviction for Robbery in the Third Degree in New York.   The Government points out that the latter conviction is treated by the federal courts as a crime of violence, contrary to what Defendant maintains. *See*, ECF No. 190 at p. 3, n. 2 ("In his present motion, the defendant challenges his robbery conviction as a crime of violence.   The Second Circuit has made clear, however, that robbery convictions under the New York Penal Law qualify as crimes of violence. *United States v. Ojeda*, 951 F.3d 66, 70-72 (2d Cir. 2020).").

On March 15, 2021, Defendant filed a reply.   Somewhat oddly, the reply says essentially nothing about Section 404 of the First Step Act, which is the nominal basis for Defendant's original motion.   (Although, Defendant's silence concerning the Section 404 motion is likely due to the fact, discussed below, that in the intervening period after he filed his motion the Second Circuit and Supreme Court have held that convictions under 21 U.S.C. § 841(b)(1)(C) are *not* "covered offenses" under Section 404.)   Instead, the reply purports to reiterate and expand Defendant's other contentions concerning alleged legal errors affecting his sentence.

In particular, the reply continues to insist that Defendant should not have been categorized as a career offender, though for reasons other than what he stated in the original motion.[6]   Defendant also contends, for the first time, that his statutory maximum sentence should not have been enhanced under 21 U.S.C. § 841(b)(1)(C), since he "does not have the two qualifying drug priors to trigger § 841(b)(1)(C)."   In that regard, however, Defendant is referring to a section of the statute that does not apply to him.

Moreover, Defendant objects to the ASPR "in its entirety" and essentially demands a new sentencing with a new Pre-Sentence Investigation Report.   On this point, Defendant objects to the Court construing his motion as seeking "compassionate release" *unless* the Court agrees to grant him a complete re-sentencing.   That is, Defendant objects to the Court relying on the ASPR and simply reducing his overall sentence to 360 months (apportioned between the various counts of the indictment), as the Government has suggested, and contends that he is entitled to a complete re-sentencing at which he may challenge various other aspects of the original sentencing unrelated to the aforementioned error in the guideline-range calculation:

---

[6] Defendant also suggests that in an earlier submission (ECF No. 164) the Government conceded that he should not have been classified as a career offender. *See*, Reply at p. 2.   However, Defendant's characterization is not accurate. *See*, ECF No. 164 at p. 2 (The Government had, in one of its submissions mistakenly indicated that Defendant was a career offender based on two drug felony convictions, when he actually was a career offender based on one drug felony conviction and one violent felony conviction).

> To [rely on the ASPR to] correct a sentencing error would undermine the seriousness and grave magnitude of the sentence error.   To further suggest and urge the Court to "literally [sic, should be "liberally"] construe Gilley's Section 404 motion as a motion for compassionate release would further prejudice Mr. Gilley.   In the interest of justice the Court should vacate and set aside and remand for resentencing or in the latter schedule evidentiary hearings with respect to Gilley's correct and accurate Pre-Sentence Investigation Report for offering of proof to Gilley's qualifying priors to enhancements for § 841(b)(1)(C), § 851 and U.S.S.G. 4B1.1(c)(3) for proof of record.

In addition to arguing that the Court must reconsider whether he is a career offender, Defendant further contends that the Court must consider "mitigating factors such as rehabilitation, reasonableness of sentencing [and] bringing the sentence in line with current penalties.   A sentence sufficient but not more than necessary to serve the goals of sentencing and congressional intent."   In sum, Defendant opposes the Court construing his application as seeking compassionate release unless the Court grants him a full (plenary) resentencing at which he will be allowed to argue that he should not have been classified as a career offender.

DISCUSSION

Defendant's *Pro Se* Status

Defendant filed the subject application *pro se*, and consequently the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

<u>Defendant's Motion Under Section 404 of the First Step Act Lacks Merit</u>

Defendant maintains that his convictions under Counts 1 and 2 of the Indictment are "covered offenses" under Section 404 of the First Step Act. However, Defendant is incorrect.

"On December 21, 2018, President Trump signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194," which the Second Circuit has described as "Congress's latest effort to address the longstanding disparity in federal statutory penalties for crack and powder cocaine offenses." *United States v. Johnson*, 961 F.3d at 182, 185. (2d Cir. 2020).   Relevant to this action, Section 404 of the First Step Act "addressed the retroactive application of the Fair Sentencing Act's reforms." *United States v. Johnson*, 961 F.3d 181, 185 (2d Cir. 2020).   More specifically,

> Section 404 of the First Step Act authorizes district courts to reduce sentences they previously imposed for a "covered offense," which the statute defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ..., that was committed before August 3, 2010.

*United States v. Johnson*, 961 F.3d at 183.

However, Defendant's convictions on Counts 1 and 2 of the Indictment are under 21 U.S.C. § 841(b)(1)(C), the penalties for which were not modified by section 2 or 3 of the Fair Sentencing Act.   While the law on this point may not have been settled when Defendant filed the instant motion, it is now clear that a conviction under 21 U.S.C. § 841(b)(1)(C) is not a "covered offense" under Section 404 of the First Step Act. *See, Terry v. United States*, 141 S. Ct. 1858, 1862–63,

14

210 L. Ed. 2d 108 (2021) ("Petitioner was convicted of [§§ 841(a), (b)(1)(C)]. Before 2010, the statutory penalties for that offense were 0-to-20 years, up to a $1 million fine, or both, and a period of supervised release.   After 2010, these statutory penalties remain exactly the same. The Fair Sentencing Act thus did not modify the statutory penalties for petitioner's offense.") (footnote omitted); *see also, United States v. Reed*, 7 F.4th 105, 112 (2d Cir. 2021) ("[R]ecently, in *Terry v. United States*, the Supreme Court addressed the statutory language in Section 404(a) in holding that offenses under 21 U.S.C. § 841(b)(1)(C), which do not trigger a mandatory minimum and whose statutory penalties were not modified by the Fair Sentencing Act, are not "covered offenses" that are eligible for a sentencing reduction under the First Step Act.").   Consequently, Defendant's motion under Section 404 is denied.

<u>The Court Will Liberally Construe Defendant's Motion as Seeking Compassionate Release and Reduce His Sentence, Though He is Not Entitled to Plenary Resentencing</u>

The Government indicates that the Court may treat Defendant's motion as one for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A)(i) and partially reduce Defendant's sentence, by viewing the Court's error at sentencing, concerning Defendant's guideline-range calculation, as an "extraordinary and compelling reason."   In that regard, the Government does not oppose a reduction of Defendant's sentence by sixty months, since that is the amount by which the

Court overstated Defendant's guideline sentence range.[7]

Defendant obviously wants the Court to reduce his sentence (and, indeed, contends, though not plausibly, that he is entitled to immediate release) but objects to the Court relying upon the ASPR, and demands a plenary resentencing.    In this regard, Defendant contends that the Court not only overstated his guideline sentence range, but also erroneously categorized him as a career offender under the Guidelines.

The legal principles applicable to a motion for "compassionate release"[8] under Section 3582(c)(1)(A)(i) are clear:

> As part of the First Step Act of 2018, Congress authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. §

---

[7]  In this regard, the Government evidently waives the requirement that Defendant exhaust his administrative remedies before pursuant a compassionate release motion.    The exhaustion requirement is not jurisdictional and may be waived. *See, United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) ("The exhaustion requirement in § 3582(c)(1)(A) is not a jurisdictional limitation. Therefore, in light of the government's decision to withdraw its objection to Saladino's failure to exhaust, the district court may now consider Saladino's motion on the merits, and we remand for it to do so.").

[8]  The statute gives the Court authority to reduce the sentence, which may or may not involve immediately releasing the Defendant him from prison. *See, e.g., United States v. Marks*, 455 F. Supp. 3d 17, 21 (W.D.N.Y. 2020) ("Although relief under the statute is commonly referred to as "compassionate release," such relief is not limited to immediate release, but includes a reduction in sentence. *See United States v. Shmuckler*, No. 11-cr-344, 2019 WL 6257959, at *2 n.5 (E.D.Va. Nov. 22, 2019) ("The BOP uses the terms 'compassionate release' and 'reduction in sentence' interchangeably, and the Court will do the same") (citation omitted) appeal filed, No. 19-7786 (4th Cir. Dec. 5, 2019))," appeal withdrawn, No. 20-1404, 2021 WL 1688774 (2d Cir. Jan. 5, 2021).

3582(c)(1)(A)).

*U.S. v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

> It bears remembering[, however,] that compassionate release is a misnomer[, since § 3582(c)(1)(A)] in facts speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence[.]

*U.S. v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

> [T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing] Guideline § 1B1.13, limits the district court's discretion.

*U.S. v. Brooker*, 976 F.3d at 237. Indeed, the Circuit panel in *Brooker* emphasized that a district court has wide discretion when ruling on a compassionate release motion:

> [A] district court's discretion in this area— as in all sentencing matters—is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason.

*U.S. v. Brooker*, 976 F.3d at 237-238 (citation and internal quotation marks omitted).

At the same time, "[e]ven if 'extraordinary and compelling' circumstances exist, a district court may not reduce a defendant's sentence [under § 3582(c)(1)(A)] before considering 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Cummings*, No. 20-3156-CR,

17

2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

"A motion for compassionate release is not an opportunity for "plenary sentencing." *United States v. Fields*, No. CR1800136003PHXSMB, 2021 WL 2780873, at *2 (D. Ariz. July 2, 2021) (citing *United States v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020)); *see also, United States v. Saccoccia*, No. 20-2045, 2021 WL 3660814 (1st Cir. Aug. 18, 2021) ("[W]e think compassionate release motions should not devolve into satellite sentencing hearings. The Supreme Court has explained that a sentence modification in the analogous section 3582(c)(2) context is "not a plenary resentencing proceeding." *Chavez-Meza v. United States*, ––– U.S. –––, 138 S. Ct. 1959, 1967, 201 L.Ed.2d 359 (2018) (quoting *Dillon*, 560 U.S. at 826, 130 S.Ct. 2683).").

A district court has discretion about whether to conduct a full re-sentencing or hearing when correcting or reducing a sentence, and need only hold a hearing where any fact important to sentencing is reasonably in dispute:

> [T]he district court did not abuse its discretion by choosing not to hold a hearing, where the sentencing court found Cirineo to be responsible for distributing a quantity of cocaine base well above the 8.4 kilogram threshold. Federal Rule of Criminal Procedure 43(b)(4) provides that a defendant is not required to be present at a proceeding "involv[ing] the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Furthermore, U.S.S.G. § 1B1.10 makes clear that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), and thus a district court's decision on the motion need not constitute a resentencing procedure. Section 6A1.3 of the Guidelines does allow hearings

"[w]hen any factor important to the sentencing determination is reasonably in dispute." U.S.S.G. § 6A1.3; *see also United States v. Woods*, 581 F.3d 531, 539 (7th Cir.2009). However, in this case, the district court did not abuse its discretion by choosing not to hold a hearing where the sentencing court's finding that Cirineo was responsible for distributing a quantity of cocaine base well above the 8.4 kilogram threshold was not reasonably in dispute.

*United States v. Cirineo*, 523 F. App'x 70, 71–72 (2d Cir. 2013).

Having considered these principles, the Court liberally construes Defendant's application as alternatively seeking compassionate release under § 3582(c)(1)(A) and finds that the guideline sentencing calculation error described above is an extraordinary and compelling reason to reduce Defendant's sentence by sixty months.   In a case involving similar facts, another district court in this Circuit similarly found that a sentencing error was an extraordinary and compelling reason to reduce the defendant's sentence:

There is a strong federal interest in the finality of judgments *and most errors in an original sentencing are not likely to qualify as an extraordinary and compelling reason for a sentence reduction. Several important factors, acting in tandem, make this case distinctive.* First, the Guidelines error is one that the government and the Court should have detected at or prior to sentencing and allowing the sentence to stand undermines respect for the judicial process. Uncovering the error required no investigation, fact-finding or credibility assessment. It does not turn on the retroactive application of new legal principles. The error should have been apparent from the face of the PSR[.]   Second, the Guidelines error was substantial. . . .   Finally, as the sentencing judge, this judge can say with some confidence that the very significant Guidelines error likely affected the sentence imposed.

*United States v. Lopez*, No. 11-CR-568 (PKC), 2021 WL 761850 (S.D.N.Y. Feb.

19

26, 2021) (emphasis added).   Those same reasons apply here.   Additionally, the Court finds that a 60-month reduction under the circumstances presented here would not be inconsistent with the § 3553(a) factors.   Defendant is still left with a very lengthy sentence that reflects those factors.

On the other hand, the arguments raised by Defendant do not constitute extraordinary and compelling reasons to reduce his sentence by more than sixty months.   In particular, Defendant's argument that he should not have been sentenced as a career offender lacks merit.[9]   Nor is Defendant entitled to a hearing or plenary re-sentencing, since no fact important to sentencing is *reasonably* in dispute, despite what Defendant maintains.

Accordingly, pursuant to the calculations in the ASPR, Defendant's overall sentence of imprisonment is reduced from 420 months to 360 months as follows: The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 300 months on Counts 1 and 2 (to be served concurrently), 120 months on Count 3 (to be served concurrently to Counts 1 and 2) and 60 months on Count 4 (to be served consecutively to all counts). The total sentence of imprisonment is 360 months (30 years).   The Court finds that no reduction of Defendant's previously-imposed terms of supervised release is warranted given his history of recidivism, discussed above.

---

[9] Defendant's alternate argument, raised for the first time in his reply, that the Court also erred in enhancing his sentence under § 841(b)(1)(C) since he did not have two prior drug felony convictions, also lacks merit.

CONCLUSION

Defendant's application (ECF No. 185) is denied in part and granted in part. The application is denied insofar as it seeks relief under Section 404 of the First Step Act.   However, insofar as the application can be liberally construed to request a sentence reduction under the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A), the application is granted in part, to reduce Defendant's sentence by sixty months, as set forth above.

So Ordered.

Dated:        Rochester, New York
              November 15, 2021

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge